Good morning, ladies and gentlemen, welcome to the Ninth Circuit. Before we hear argument, Judge Owens and I want to express our appreciation to Judge Xavier Rodriguez from the Western District of Texas, who is sitting with us by designation. We also want to submit officially a number of cases. They are Chavez-Soto v. Garland, Jimenez-Centeno v. Garland, Solis-Ramirez v. Garland, Miguel-Cristobal v. Garland, and Gaspar-Miguel v. Garland. So with those disposed of, we'll now hear argument in the case of Mikhalenko v. Garland. And I believe Mr. Christopher, or Mr. Todd, right, representing, please proceed. Good morning, I'm Christopher Todd, I'm representing the Petitioner. I understand that the Court probably wants to talk about Perez Camacho, but before we do, I want to focus on what I think is an overriding issue here, which is there are two ways, there are two grounds on which you can file a motion to reopen. There's a new material fact, or you can ask the Court to reopen sua sponta, it's two very different things. What we asked the Court to do initially here, what we asked the BIA to do, was to consider the fact of this vacated conviction as a new and material fact. And then, obviously it was late, so we had to ask for equitable tolling in order to toll the deadline. The BIA did not address that argument, the BIA did not consider that argument, the BIA completely ignored that argument, and the BIA is not free to do that. From there, I guess I'd like to move on to Perez Camacho, if that's all right. As at the outset, one of the overriding considerations here is that in Perez Camacho, the BIA made a specific finding, that the vacator that was underlying the motion to reopen was not effective for immigration purposes. And it seems to me that that thread was consistent throughout their decision, that was always in the back of the BIA's mind, it was also an alternative ground to deny. That's not the case here. There's no question whatsoever, even at the BIA, that this vacator was effective for immigration purposes. That's a significant distinguishing factor, I believe, when it comes to Perez Camacho. But for sua sponta reopening, I mean, vacator doesn't require, the BIA had the discretion to just go ahead and ignore all that, right? For sua sponta, yes. For sua sponta, there's no deadline, so you can't toll a deadline if there is no deadline, exactly. Which brings me back to, or brings me to, the effect of Vietersburg. And the court in Perez Camacho talked a lot about how in Vietersburg, well, that was before the statutory and regulatory deadline scheme was set out, so therefore it doesn't really apply. But to your point, with sua sponta reopening, that is substantively the same exact scheme that was in effect when Vietersburg was decided. What does... I'm sorry. Please proceed. So, well, with regard to the sua sponta reopening, didn't the BIA sort of have an alternative, I mean, it was a throwaway at the end, but they said the involuntary manslaughter conviction denied the motion to reopen. So isn't that in the discussion there? Well, the BIA didn't really... Well, I guess this court has jurisdiction to determine whether or not... You have limited jurisdiction to review a sua sponta denial, right? And one of the things you can look at is whether or not the BIA ignored fundamental law, fundamental legal principles. And so what I would argue is that even if we set aside the fact that they didn't even look at just the sua sponta situation, the court basically said, well, or the BIA basically said, well, maybe there's no... Maybe the vacatur is effective, maybe it's not an aggravated felony, but it doesn't matter because his equities don't outweigh that fact. And what I would say is that's utterly ignoring a very baseline legal principle, which is that a vacated conviction, if a conviction is vacated and that conviction is what the deportation order was predicated upon, that's a pretty big fundamental legal principle, that they ignored. Let me ask you this, as you know, in connection with equitable tolling, there's a diligence requirement. What's the difference between the diligence requirement there and the one that you're seeking here on sua sponta reopening? So, well, that gets to my point exactly, that there is no... The BIA didn't address whether or not there was equitable tolling, so they didn't address diligence in that context. They kind of... But they did suggest that he was delayed. You yourself started off your argument by acknowledging that fact. So, I guess my question is, assuming arguendo, that you're right, and we were to send it back, is it almost useless because they've already made a determination that your client wasn't diligent? So, if he doesn't make it for one of those qualifications, like an equitable tolling, how's he going to make it with the other one? Well, it seems to me that they made their diligence argument in the context of... Or made their diligence finding in the context of sua sponta. I don't even know if there is such a finding. I guess sua sponta, you can consider everything, I suppose. So, you're suggesting that there's nothing in our case law, our Supreme Court case law, or for that matter, any other circuit, I suppose, that there is no diligence requirement in connection with the sua sponta reopening by the BIA? That's my position. And I think that, that being said, the flip side is the BIA, in its sua sponta authority, can consider any factor it wants to consider. So... So, and in fact, what you're saying is, if your client had all of the information that's now coming up and waited for five years, it wouldn't make any difference? Well, I mean, that is what I think, yeah, because the bottom line is, there is a deportation order that's based on a conviction that doesn't exist. So sua sponta is, from your perspective, entirely un-cabin. They can just do whatever they want. As long as they don't ignore fundamental legal principles. Right. Interesting concept. Well, I mean, that seems to be what this court has said in Bonilla, that that's what, you know, that's the backstop is, you know, you can review the BIA sua sponta decision for legal error. What's your best argument that we should not follow LONA? That's a really good question, Judge. Thank you. You know what? I am blanking on that authority right now. Okay. All right. Then you don't need to answer it. Apologies. I would like to, well, I'd also like to point out, if we're going back to Perez Camacho, that if they, the court mentioned a, you know, the BIA had its throwaway line about sua sponta reopening. I mean, this court, at the end of Perez Camacho, the very last sentence, says, we like jury about how there was no jurisdiction to review sua sponta because there were no legal errors. And I think that's important. It takes me back to an earlier point because they had, the BIA had already made it very clear that they didn't consider the vacatur to be effective. I think that it also, in my, to talk about the, there's a completely, there's another complete basis for this motion to reopen, which was a fundamental change in law. Like at the time, as of 2015, this court said that PC-192A is no longer an aggravated felony. And we made two variations of the argument. One, that the fact that the court's precedent is a change in law or fact that, and therefore, should be considered. And we should go back to that whole argument or the whole analysis of, okay, it's a new material fact. It's late. Should we equitably toll? Let me ask you this. If the legislature of whatever state has law A in time period one, and in time period two, it changes the law to basically turn it upside down, flip it. Is it your position that someone in your client's situation would be able to make the argument at that point, but not based upon a legal interpretation, but based upon a new law altogether, that he was freed from the earlier conviction because the law had changed by, in this case, by the virtue of the legislative act? Oh, so rather than court-based, rather than a precedential change, but a change in law. A change in law. It's the same result, but does it matter who makes the change? It might, and here's why I would say. The idea of what constitutes an aggravated felony crime of violence had been, Leo Cal was in 2004. That was a significant change in the law that was prior to this decision. And then that wasn't fully addressed and there was no decision until 2015. So I'm saying that process lasted a decade. That's a little bit different than the legislature coming in and changing. So from your perspective, anybody that's affected by the change during that roughly 10-year period has the same can opener that you're arguing for? Well, my argument is that the can opener should be a pretty big one and should go all the way back if the law is changed. But in this case, it's all about the definition of aggravated felony. I mean, we can ... Okay. Other questions by my colleagues, this gentleman? Thank you very much. Thank you very much. Let's hear from the government. Good morning. Good morning, your honors. May it please the court. Rachel Berman-Vopores, the United States Attorney General. The court should dismiss in part and deny in part the petition for review. This case is very similar to this court's decision in Perez Camacho. Like in that case, here the petitioner waited many years after his removal order before moving to reopen. Although he modified the conviction that underlay that removal order, he only did so many years after that conviction. And he does not reasonably explain why he waited so long to take that action or to seek legal advice. Importantly, this petition for review is based on the petitioner's second motion to reopen. And he did not raise any argument in the second motion that he could not have raised in his first. Counsel, if I could just jump in real quick. Because in Perez Camacho, the BIA explicitly rejected equitable tolling. And it seems to me from my reading of the BIA's opinion here, the BIA just didn't really address equitable tolling. Can you talk about that? Am I wrong about that? The board addressed equitable tolling in that it mentioned that that was one of the bases for the petitioner's motion on the first page of its decision. But it did not directly reject equitable tolling like it did in Perez Camacho. Instead, what the board did here is more similar to the court's decision in Lona, where the board implicitly rejected the petitioner's claim for equitable tolling by finding that his motion was untimely. He had waived appeal, so he could have, you know, he had a reasonable and fair opportunity to challenge his removal order, and finding that he did not act with diligence, and concluding that the arguments he was raising in the second motion that were the basis for equitable tolling, the fundamental change of law, could have been raised in his first motion, which he had filed the year before, but he did not raise that argument there. So, you think Lona gives us the ability to, in a sense, interpret the order in a way that would say that BIA, in effect, did address it? Yes, Your Honor. And going to a point that was made earlier, although the board addressed diligence in the context of talking about sua sponte reopening, that finding is just as dispositive of the petitioner's equitable tolling claim. So, remand on that issue would be futile. We already know how the board would come out and why. Can I ask you this as a follow-up to my colleague's question? Let's assume for a moment that the board didn't adequately address this issue, but you have the equitable tolling argument out there. Is there, does the diligence requirement that is normally applicable to equitable tolling as an equitable matter apply here, and does it matter that the BIA seems to have found that the petitioner, in this case, was really tardy in all of the applications he made? I'm not sure I understand your question, Your Honor. I apologize. Okay. I'll try to state it better. Does the fact that the BIA seems to have already made a determination that he was not diligent, meaning the petitioner, apply to its sua sponte analysis for equitable tolling? So, there is no equitable tolling requirement for sua sponte, for a motion based on sua sponte reopening. But the finding, the finding of diligence, does that also apply in connection with sua sponte reopening? Yes, Your Honor. There's no diligence requirement for sua sponte reopening, but diligence is a relevant consideration. Is there any case law that you can cite as due to that effect? Yes, Your Honor. So, there's case law from the board, matter of GCL, which the board cited in that paragraph, where it was a decision based on a motion to reopen based on a fundamental change in law. And there, the court determined that after a reasonable period of time has passed since the fundamental change in law, the interest of finality can take precedence over that change in law. Let me ask, I think it's the same question but in a different way. Let's assume this goes back on remand on the equitable tolling for the statutory reopening. What is the standard that the petitioner would have to establish at the BIA? Is it, I thought it was, he was prevented from filing because of deception, fraud, or error. What would be the standard that goes back, that the BIA applies? So, the board would apply this court's requirements for showing diligence, which is generally the reasonable person standard, which the board, which, excuse me, this court talked about in Perez Camacho. So, the petitioner would need to show, like, fraud or something that, or some error that prevented him from filing earlier, and then show that after discovering that problem, he behaved with due diligence in seeking relief. And a reasonable person standard is generally used to assess that. And then I would like to go back to your question, Your Honor. This court also discussed the interest of finality in LONA and how that is an appropriate concern for the board to consider in adjudicating motions to reopen Sue S. Bondi. Thank you. Unless there's any further questions on equity. Other questions? I think not. Thank you very much. Thank you very much. Counsel, you used all your time up, but if you want to have a minute for rebuttal, we'll give it to you. If you don't have to take it, but if you want it, we'll give it to you. How about 30 seconds? Please. 30 seconds is fine, too. I would actually like to point out when it comes to the diligence analysis, it didn't really happen. And that becomes more of a factual situation, which I know we can't really get into the factual findings of the BIA here, but as a legal matter, their diligence requirement was like, well, he just took too long. But he presented evidence. He has a declaration, the California statute upon which he relied to vacate his conviction didn't even exist. From your perspective, how long did it take your client to file seeking sui sponte reopening from the time that he knew everything he needed to to make that application? A matter of months. How many months? That's a great question again. I would need to review. He went to post-conviction counsel. Was it like 36 months? Oh, sorry. No, no, no. Two or three months. Two or three months. Okay. I believe. Now, I need to check the declaration before I see that, but he went to post-conviction counsel. And again, we're getting into facts, which I know is not the province of our argument here. Okay. But that's the point I wanted to make. Thanks to both counsel for your argument. The case just argued is submitted. And the court stands adjourned for the week.
judges: SMITH, OWENS, Rodriguez